# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUBUQUE BARGE & FLEETING SERVICE, INC. D/B/A NEWT MARINE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-0516** |
| **PLAQUEMINES PARISH GOVERNMENT, ET AL.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is **Defendant's 12(E) Motion for More Definite Statement (R. Doc. 6)**, filed by Defendant, Essex Insurance Company ("Essex"), seeking a more definite statement of the Complaint and Amended Complaint filed by Plaintiff, Dubuque Barge & Fleeting Service, Inc. d/b/a Newt Marine Service ("Newt"). Newt did not oppose the motion. The motion was heard on the briefs.

## I. Background

Newt filed its Complaint against the Defendants, including Cahaba Disaster Recovery, LLC ("Cahaba"), which is insured by Essex. (R. Doc. 1-2, p. 1.) Newt claims that it entered into a charter agreement with Defendant, Harrison Environmental Services, LLC ("Harrison"), to provide 9 barges to Harrison for the project known as Plaquemines Parish Drainage Canal Contract No. 07-11-15 ("the Project"). (R. Doc. 1-2, p. 2.) Newt claims that Harrison failed to pay the invoices submitted by Newt for charter of the barges as agreed in their contract. (R. Doc. 1-2, p. 3.)

Newt filed a lien for its unpaid invoices and seeks to enforce its lien against the Defendants—Plaquemines Parish Government ("PPG"), as owner; DRC Emergency Services, LLC

("DRC"), as general contractor; Cahaba, as subcontractor; Harrison, as subcontractor; and SAFECO Insurance Company of America ("SAFECO"). (R. Doc. 1-2, pp. 1-2.) Newt also claims that Defendant, Bovard Insurance Group, LLC ("Bovard"), provided insurance to Harrison for all physical damage that occurred to the barges provided to the project and the costs of all repair and/or replacement of the barges. (R. Doc. 1-2, p. 4.) Newt claims that the cost of repair and/or replacement of the barges was $35,328.00. (R. Doc. 1-2, p. 4.)

In Newt's amended Complaint, it added Defendant, Essex, as insurer of the barges, claiming that Essex provided insurance for all physical damage to the barges. (R. Doc. 1-3, p. 2.) Newt alleged the cost of repairs and/or replacement as follows: $7,200.00 for the Henry K. Maddox Invoice, $20,000 for the Whitetail Oil Services, LLC Quote (repair barges and replace missing pins), and $8,128.00 for the Whitetail Oil Services, LLC Invoice (unloading charges). (R. Doc. 1-3, p. 2.) Newt asked that the lien of $35, 328.00 be enforced against Essex and/or Harrison. (R. Doc. 1-3, pp. 2-3.)

As to the instant motion, Essex claims that it requires additional information regarding Newt's damage claims in order to form a meaningful responsive pleading. (R. Doc. 6-1, p. 3.) Specifically, Essex requests that Newt amend its Complaint to include the following information: 1) the cause of the alleged damages to the barges; 2) the date of the alleged damage to the barges; 3) the type of damage suffered by the barges; 4) the geographic location of the barges when the damages were sustained; 5) the identity of the barges damaged and the damages sustained by each individual barge; and 6) who was controlling the barges when they were damaged. (R. Doc. 6-1, p. 2.) Newt did not file a response opposing the motion.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Id*. Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.*; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

**III.     Analysis**

Essex claims that it needs this information to evaluate the existence of coverage and to provide a responsive pleading. (R. Doc. 6-1, p. 2.) Essex claims that Newt's complaint and amended complaint do not contain sufficient information for it to form a meaningful response and that it is therefore entitled to a more definite statement under Rule 12(e). (R. Doc. 6-1, p. 3.) Essex claims that it cannot determine the factual basis for Newt's claims against it based on the information in the complaint and amended complaint and that Newt should be required to amend its complaint as requested. (R. Doc. 6-1, p. 3.)

Upon review, the Court finds that the complaint and amended complaint give Essex adequate notice of the claims against it. "Notice pleading, not fact pleading as in the state court, is all that is required under the Federal Rules of Civil Procedure in this court." *Simoneaux v. Jolen Operating Co.*, No. Civ.A. 04-2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004) (Wilkinson, J.). As stated in *Simoneaux*, Rule 8 "does not require the kind of specific fact pleading defendants seek [and the] court's discovery devices are available to defendants to obtain the more detailed information they seek." *Id.* Rule 8 simply requires a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker*, 2006 WL 1895484, at *1.

Here, Newt is seeking to enforce a lien against Essex and/or Harrison for damages to its 9 barges used on the Project. (R. Doc. 1-3.) Newt's allegations that Essex insured the 9 barges against damages incurred during the Project, that the barges were damaged, and the total amount of damage incurred are sufficient to allow Essex to prepare a response. (*See* R. Doc. 1-3.) "For those allegations for which Defendants have insufficient information to form a belief, they can so state in their denials, and seek to obtain the information through discovery." *Babcock & Wilcox Co. v.*

4

*McGriff, Seibeils & Williams, Inc.*, 235 F.R.D. 632, 634 (E.D. La. 2006) (Barbier, J.). Therefore, the court finds that Essex's motion under Rule 12(e) is without merit.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that **Defendant's 12(E) Motion for More Definite Statement (R. Doc. 6)** filed by Essex Insurance Company is hereby **DENIED**.

New Orleans, Louisiana, this 23rd of April 2009

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**